United States District Court
Southern District of Texas
**ENTERED**
August 11, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:15-CR-640 |
| | § | |
| TAMARA MITCHELL | § | |
| | § | |

# MEMORANDUM AND ORDER

This criminal case is before the Court on Defendant Tamara Mitchell's Motion for Compassionate Release [Doc. # 295] ("Motion") filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States filed a response opposing Defendant's request for early release from custody,[1] and Defendant filed a reply in support of her request and a letter containing new information relevant to her request.[2]

## I. BACKGROUND

On November 9, 2016, Defendant was found guilty of conspiracy to distribute ketamine, aiding distribution of ketamine, money laundering, and two counts of

---

[1] Government's Response to Defendant's Request to Reduce Sentence [Doc. # 297] ("Government's Response").

[2] Defendant's Brief to DA Response [Doc. # 298] ("Defendant's Reply"); July 15, 2020 Letter from Defendant [Doc. # 299] ("Defendant's Letter").

conspiracy to commit wire fraud.[3] On July 17, 2017, Defendant was sentenced to 168 months[4] in prison, three years of supervised release, and $18,132,957 in restitution.[5] Defendant is scheduled to be released on October 11, 2028.[6]

Defendant suffers from Crohn's disease, and argues that this condition makes her especially vulnerable to becoming seriously ill during the coronavirus pandemic afflicting the United States and the rest of the world. Defendant fears that she will catch the COVID-19 virus because she lives in close proximity to other inmates and has limited access to hand sanitizer or other disinfectants. Defendant further argues that the Federal Bureau of Prisons ("BOP") institution in which she is incarcerated, FPC Bryan, does not have sufficient medical staff to effectively treat a COVID-19 outbreak or to provide care for her should she become infected.

On April 2, 2020, Defendant filed a request for compassionate release with the warden of FPC Bryan.[7] The warden denied Defendant's request on April 3,

---

[3]  Jury Verdict [Doc. # 128].

[4]  Defendant received a sentence of 168 months in prison for conspiracy to distribute ketamine, money laundering, and one of the conspiracy to commit wire fraud charges. Defendant received a concurrent sentence of 120 months for aiding distribution of ketamine and the second conspiracy to commit wire fraud charge.

[5]  Sentencing [Doc. # 188].

[6]  *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 10, 2020).

[7]  Exhibit A to Defendant's Motion, Inmate Request to Staff [Doc. # 295-1].

2020.[8]  On June 25, 2020, Defendant filed her Motion with the Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), also known as the "First Step Act."

## II.     DISCUSSION

Section 3582(c) of the First Step Act allows a district court to modify a term of imprisonment where "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Defendant requests that the Court resentence her to a sentence of time served and five years of supervised release.

Defendant argues that her Crohn's disease presents an extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) because it makes her more likely to become seriously ill from COVID-19.  In response, the United States argues that Defendant has not exhausted her administrative remedies and has not shown an extraordinary and compelling reason for her release because she does not suffer from a terminal medical condition.

Defendant's Motion must be denied.  For reasons explained below, Defendant has not shown "extraordinary and compelling reasons" why her sentence should be reduced.

---

[8]     Exhibit B to Defendant's Motion, Response to Inmate Correspondence [Doc. # 295-2].

### A. Exhaustion

The First Step Act contains an exhaustion requirement that a defendant seeking compassionate release present the request first to the warden of the facility where the defendant is incarcerated. Specifically, the statute allows the Court to reduce a defendant's sentence upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This statutory exhaustion requirement contains no exceptions.

Defendant filed her request for compassionate release with the warden of the facility where she is incarcerated on April 2, 2020.[9] The warden denied her request the next day.[10] The United States argues that Defendant has not exhausted her administrative remedies because she did not exercise her rights to administratively appeal the warden's denial of her request for compassionate release.[11] In her reply, Defendant argues that the exhaustion requirement is not absolute and may be waived

---

[9] Exhibit A to Defendant's Motion, Inmate Request to Staff [Doc. # 295-1].

[10] Exhibit B to Defendant's Motion, Response to Inmate Correspondence [Doc. # 295-2].

[11] Government's Response at 2-3.

4

by the Court, and that exhausting her administrative rights in this case would be futile.[12]

The Court need not decide whether the First Step Act's exhaustion requirement may be waived or whether doing so is appropriate here. As discussed below, even if Defendant were deemed to have exhausted her administrative rights, she has not shown that "extraordinary and compelling reasons" warrant her release. 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Extraordinary and Compelling Reasons

The United States Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A).[13]  *See* United States Sentencing Guidelines ("U.S.S.G.) § 1B1.13. The policy statement provides that a court may reduce a term of imprisonment if the court finds that (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the Defendant is not a danger to the safety of any other person or to the community;" and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. The policy statement

---

[12] Defendant's Reply at 4-5.

[13] Although the policy statement refers only to motions filed by the BOP, the Court presumes that its guidance also applies to motions filed by defendants. The policy statement was last amended on November 1, 2018. Until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). The Court sees no reason why motions filed by defendants should be subject to a different standard than those filed by the BOP.

includes a note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." That standard is met if the defendant is "suffering from a terminal illness"[14] or "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the Defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(i)-(ii). The note recognizes that other grounds could also amount to "extraordinary and compelling reasons" to reduce a defendant's sentence. *Id.*, cmt. n.1(D).

Defendant argues that her Crohn's disease presents an extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) because it makes her more likely to become seriously ill from COVID-19. Crohn's disease is a chronic autoimmune disorder affecting the intestines. Crohn's is frequently treated with steroids or immunosuppressive drugs, which can make patients more vulnerable to infection.[15] Defendant argues that the World Health Organization ("WHO") and the Centers for Disease Control and Prevention ("CDC") have advised that people who are immunocompromised are at a greater risk of contracting and becoming seriously

---

[14]   The policy statement lists "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia" as examples of a terminal illnesses. U.S.S.G. § 1B1.13, cmt. n.1(A)(i).

[15]   *See* Defendant's Reply at 1.

ill from COVID-19, and that these people should take extra precautions to avoid becoming infected.[16]

Defendant claims that she is at an increased risk of catching COVID-19 in prison because she shares a nine-by-thirteen-foot cell with three other people, must use common restrooms that she claims are unsanitary, and has limited access to disinfectant or other cleaning supplies. Defendant argues that these conditions make it impossible to comply with CDC guidelines to reduce the risk of infection. Defendant also argues that if she does become infected with COVID-19, she will not receive adequate treatment at FPC Bryan because the facility does not have a medical doctor on staff.

In response, the United States argues that Defendant's Crohn's disease is not a "terminal illness" and does not impact her ability to function within the facility. Although Crohn's disease may be treated with drugs that weaken a patient's immune system, Defendant's Presentence Investigation Report showed that at that time she controlled her Crohn's with ibuprofen and stool softeners.[17] Defendant has not

---

[16] *Coronavirus Disease 2019 (COVID-19) Situation Report*, World Health Organization (March 6, 2020) https://www.who.int/docs/default-source/coronaviruse/situation-reports/20200306-sitrep-46-covid-19.pdf?sfvrsn=96b04adf_4; *If You Are Immunocompromised, Protect Yourself From COVID-19*, Centers for Disease Control and Prevention (May 14, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/immunocompromised.html.

[17] Final Presentence Investigation Report [Doc. # 153], at 20.

presented any evidence that she began taking immunosuppressive drugs since her Presentence Investigative Report was prepared or that her Crohn's disease actually puts her at an increased risk of contracting COVID-19. "In fact, '[t]he overall available evidence suggests that IBD patients [which includes patients with Crohn's disease] do not have an increased risk of developing Covid-19. . . .'" *United Sates v. Mason*, No. 18-329, 2020 WL 4034835, at *3 (W.D. Penn July 17, 2020) (alterations in original) (quoting Monteleone, G. and Ardizzone S., *Are Patients with Inflammatory Bowel Disease at Increased Risk for Covid-19 Infection?"* Journal of Crohn's and Colitis, 2020, at 2).

In any event, Defendant has not shown that she is at an increased risk of contracting COVID-19 in prison. The infection rate at FPC Bryan is very low: As of the date of this Memorandum and Order, only two staff members and one of the 622 inmates at FPC Bryan has tested positive for COVID-19. The inmate who tested positive has recovered, and the facility has had no inmate or staff deaths from the virus.[18]

The BOP has been preparing for COVID-19 since January, and has implemented comprehensive measures to mitigate the spread of the disease.[19] The

---

[18] *COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited August 10, 2020).

[19] *See* Response [Doc. # 297] at 5-7.

Court cannot state at this time that the BOP is unable to effectively manage the COVID-19 outbreak or treat Defendant were she to contract the virus. *See United States v. Bonel*, No. 4:14-CR-180, 2020 WL 3470319, at *4 (E.D. Tex. June 25, 2020) (denying request for compassionate release from FPC Bryan because "[a]lthough [defendant] expresses legitimate concerns regarding COVID-19, she does not establish that the BOP cannot manage the outbreak within her correctional facility or that the facility is specifically unable to treat her, if she were to contract the virus and develop COVID-19 symptoms, while incarcerated.").

### III.   CONCLUSION

Defendant has failed to show extraordinary and compelling reasons why her custody sentence should be reduced or modified.  For the foregoing reasons, it is

**ORDERED** that Defendant's Motion for Compassionate Release [Doc. # 295] is **DENIED**.

SIGNED at Houston, Texas this 11th day of **August, 2020.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE